UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT STANLEY HOLSTER, JR.,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

CASE NO. C17-5578-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE**

Robert Stanley Holster, Jr., seeks remand under sentence six of 42 U.S.C. § 405(g) of the Commissioner's decision denying his applications for Supplemental Security Income and Disability Insurance Benefits. He contends that a sentence-six remand is appropriate because the Social Security Administration erred in failing to consider additional evidence first submitted to the Appeals Council, and the Court should remand the case with directions to consider the evidence. Dkt. 8, 10. The Commissioner responds that the new evidence does not meet the standard for a sentence-six remand and the Court should affirm the decision. Dkt. 9. The Court finds that this case does not fall within the purview of sentence six and, further, that the new evidence does not support a remand under any circumstances. The Court therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE - 1

**DISCUSSION**

The ALJ issued a decision finding Mr. Holster not disabled on March 2, 2016. Tr. 17-26. Mr. Holster requested review by the Appeals Council and submitted, for the first time, a February 21, 2016, lumbar x-ray. Dkt. 8, exs. 1 & 2. The Appeals Council found that this evidence did not "show a reasonable probability that it would change the outcome of the decision," and "did not consider and exhibit this evidence." Tr. 2. The Appeals Council denied Mr. Holster's request for review, making ALJ's decision the Commissioner's final decision. *Id.*

Mr. Holster argues that the Social Security Administration erred in failing to consider the additional evidence first supplied to the Appeals Council and that sentence six is the proper vehicle to direct the Administration to consider the evidence. Dkt. 8 at 1; Dkt. 10 at 5.

Under the relevant portion of sentence six of 42 U.S.C. § 405(g), a court may at any time remand a case for "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In a sentence-six remand, the court makes no substantive ruling as to the correctness of the Commissioner's decision, but instead retains jurisdiction of the case until a new decision is made that is either fully favorable to the claimant or that permits review under sentence four of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). The claimant must show both that the new evidence is material to determining his disability and that he had good cause for having failing to produce that evidence earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

This case fits neither the purpose nor the requirements of sentence six. The purpose of a sentence-six remand is to allow the Social Security Administration, rather than a reviewing court, the opportunity to be the first to consider new evidence. But Mr. Holster seeks a remand

directing the Administration to consider evidence that it has already evaluated and rejected. To the extent Mr. Holster asks the Court to find error in the Appeals Council's evaluation of that evidence, the Court cannot do that. The Appeals Council's decision is a non-final agency action that this Court does not have jurisdiction to review. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). For these reasons, this case is outside the purview of sentence six.

In addition, sentence six requires that the claimant show good cause for the failure to incorporate the evidence into the record in a prior proceeding. This means that the claimant must show good cause "for not having offered the evidence in issue earlier." *Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001). A claimant demonstrates good cause by showing that the new evidence was "unavailable earlier." *Mayes*, 276 F.3d at 463. The good cause requirement is satisfied when "'new information . . . surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding.'" *Id.* (quoting *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)).

The Commissioner argues that Mr. Holster is required to show good cause for the failure to submit the new evidence to the ALJ before the ALJ issued his decision. Dkt. 9 at 3. Mr. Holster counters that he must show good cause the failure to submit the evidence at any time during the administrative proceedings. Dkt. 10 at 3-4. Either way, Mr. Holster does not satisfy this requirement. To the extent he was required to show good cause for the failure to submit the x-ray to the ALJ, he makes no attempt to explain his failure to submit to the ALJ an x-ray that was available before the ALJ issued the decision. To the extent he was required to have good cause for failure to submit it before the conclusion of the administrative proceedings, he did in fact submit it.

Mr. Holster argues that he meets the good cause requirement because be submitted the evidence but the Appeals Council chose not to review it. Dkt. 8 at 3. He asserts that under *Brewes* and the versions of 20 C.F.R. §§ 404.970 and 416.1470 in effect at the time, the Appeals Council was required to consider any new and material evidence it received if it related to the period on or before the date of the ALJ decision, regardless of whether the claimant had good cause for not submitting the evidence to the ALJ. *Id.* at 3-4. He also invokes the current versions of 20 C.F.R. §§ 404.970 and 416.1470, which require good cause to submit new evidence to the Appeals Council, but defines "good cause" to include situations where the Administration's action "misled" the claimant. *Id.* at 4. But even if *Brewes* and the previous version of the regulations impose no obligation on the Appeals Council to consider good cause, sentence six imposes that requirement on this Court. And the Court rejects the implication that a change in the law can be characterized as "misleading."

Here, the new evidence did not surface after the Secretary's decision became final, but was available during the administrative proceeding. Mr. Holster obtained the evidence—and offered it—at that time. The new evidence was not unavailable earlier as contemplated by sentence six. Mr. Holster submitted the evidence and so cannot meet a requirement that he did not submit the evidence. In short, no matter how the issue is framed, Mr. Holster cannot demonstrate good cause for failing to submit the evidence.

In addition, sentence six requires that the new evidence be material. The February 2016 x-ray does not meet this requirement. Evidence is material if it bears directly and substantially on the matter in dispute and if there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Mr. Holster argues that the February 21, 2016, x-ray meets this standard because the

only x-ray the ALJ considered, dated October 20, 2014, showed mild disc height loss at L4-L5, whereas the February 21, 2016, x-ray showed moderate degenerative disc disease at L4-L5. Dkt. 8 at 3. The Commissioner responds that the new evidence is not material because the ALJ found Mr. Holster's back impairment severe at step two, and because both x-rays characterize Mr. Holster's back impairment as "moderate," making the new evidence essentially duplicative of the old evidence. Dkt. 9 at 2-3.

The October 2014 x-ray included the following finding: "There is multilevel lumbar spine disc degeneration, including moderate disc height loss at L5-S1 and mild disc height loss at L4-L5"; it contained the following impression: "Moderate lower lumbar disc facet degeneration with disc height loss worst at L5-S1." Tr. 356. The February 2016 x-ray included the following finding: "There is moderate degenerative disc disease at L4-L5 and L5-S1."[1] Dkt. 8, ex. 2.

Although the October 2014 x-ray found the disc height loss at L5-S1 specifically to be mild, the impression was of "moderate" lower lumbar disc and facet degeneration. The February 2016 finding of "moderate" degenerative disc disease at that location is not a striking departure from the previous finding. The February 2016 x-ray did not reveal degeneration in new locations or a worsening from mild to severe, for example. Nor does the February 2016 x-ray contain any elaboration or functional analysis to distinguish it from the October 2014 x-ray. In short, there was no significant qualitative difference between the two reports, and the ultimate conclusion in the two x-ray reports was the same—that Mr. Holster suffers from moderate lumbar degenerative disc disease. The ALJ found Mr. Holster's degenerative joint disease of the lumbar spine to be a medically determinable severe impairment and accounted for this impairment in formulating a

---

[1] The impression in the February 2016 x-ray was simply: "No acute abnormality." Dkt. 8, ex. 2.

residual functional capacity finding. Tr. 19-20. The Court cannot say that there is a reasonable probability that the new evidence would change the outcome of the decision.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of January, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge